JUDGE HELLERSTEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE HOLLOW METAL TRUST FUND,

                          Plaintiffs,

-against-

THE C-MOR COMPANY, L.P. d/b/a THE C-MOR COMPANY,

                          Defendant.

---

13 CV 6425

13 CV _____

**COMPLAINT**

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1.  This is a civil action under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to an employee benefit plan, and for related relief.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185 and 1132(e)(1).

3.  Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Hollow Metal Trust Fund (the "Trust Fund") are employer and employee trustees of a multiemployer labor-management trust fund organized and operated in accordance with ERISA. The Trustees are fiduciaries of the Trust Fund within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trust Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

5. Upon information and belief, Defendant The C-Mor Company, L.P. d/b/a The C-Mor Company ("C-Mor") is a corporation and/or limited partnership organized under the laws of the State of New Jersey. At relevant times, C-Mor was an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. § 1002(5) and 1145, and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and section 301 of the LMRA, 29 U.S.C. § 185. C-Mor maintains its principal place of business at 1 Passaic Street, Wood Ridge, New Jersey 07075.

## BACKGROUND

6. Plaintiffs repeat the allegations set forth in paragraphs 1 through 5 above and incorporate them herein by reference.

7. From July 2011 through the present, C-Mor has been a party to a collective bargaining agreement (the "CBA") with the New York City District Council of Carpenters, United Brotherhood of Carpenters and Joiners of America (the "Union"). The Union is, and at relevant times was, a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

8. The CBA requires C-Mor to make specified monthly contributions to the Trust Fund in connection with all work performed by employees covered by the CBA ("Covered Work").

9. C-Mor failed to remit to the Trust Fund contributions for work performed during the period December 2012 through August 2013 in the estimated amount of $127,575.00 plus interest and liquidated damages thereon.

### FIRST CLAIM FOR RELIEF

10. Plaintiffs repeat the allegations set forth in paragraphs 1 through 9 above and incorporate them herein by reference.

11. Section 515 of ERISA provides: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

12. Under the documents and instruments governing the Trust Fund, including the CBA, its trust agreement and the collection policy promulgated in accordance therewith, C-Mor is liable for the amount of the delinquent contributions, interest at the rate of 6% per annum on the delinquent contributions, liquidated damages of 20% of the principal amount due, attorneys' fees, and other collection costs.

13. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding that an employer violated section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates

prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

14. By its failure to contribute the estimated amount of $127,575.00 to the Trust Fund in connection with Covered Work performed during the period December 2012 through August 2013, C-Mor contravened the CBA, the documents and instruments governing the Trust Fund, and section 515 of ERISA, 29 U.S.C. § 1145.

15. Accordingly, C-Mor is liable to the Trust Fund for delinquent contributions in the amount of $127,575.00 plus interest accrued thereon, liquidated damages thereon, attorneys' fees, and other expenses incurred in connection with the collection procedures.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against C-Mor for: (a) delinquent contributions in the principal amount of $127,575.00 for the period December 2012 through August 2013; (b) prejudgment interest at the rate of 6% per annum on the delinquent contributions; (c) liquidated damages equal to 20% of the principal amount of the delinquent contributions; (d) all reasonable professional fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit; and (e) such other and further relief as is just and proper.

Dated: New York, New York  
September 12, 2013

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____  
Charles R. Virginia  
Nathan V. Bishop  
Trinity Centre  
111 Broadway, Suite 1403  
New York, New York 10006  
(212) 943-9080  

*Attorneys for Plaintiffs*